UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **ZEN-NOH GRAIN CORPORATION**<br><br>Plaintiff,<br><br>v.<br><br>**SADOT LATAM LLC**<br><br>Defendant. | C.A. No.<br>**Rule 9(h) Admiralty Claim** |

### *EX PARTE* ORDER AUTHORIZING ISSUANCE OF PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT

The Court, having considered the Plaintiff's Verified Complaint in Admiralty, Motion for issuance of Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure ("Supplemental Rule B") and the supporting verification, and finding that the conditions of Supplemental Rule B appear to exist, has determined that the Plaintiff's Motion for Writ of Attachment and Garnishment pursuant to Supplemental Rule B should be and is GRANTED.

Having examined the foregoing, IT IS HEREBY ORDERED AS FOLLOWS:

(1)   that pursuant to Rule B, the Clerk of Court shall issue the Process of Maritime Attachment and Garnishment against all property, goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any funds up to the amount of $8,181,563.03, belonging to, due or being transferred to, from or for the benefit of the Defendant Sadot Latam LLC, including, but not limited to such property as may be held, received or transferred in defendant's name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of garnishees;

(2)   that any person claiming an interest in any property attached or garnished pursuant to this Order shall, upon application to the Court, be entitled to a prompt hearing at which plaintiff shall be required to show why the attachment and garnishment should not be vacated;

(3)     that supplemental process specifying other or additional garnishees and enforcing the Court's Order may be issued by the Clerk without further Order of the Court;

(4)     that a copy of this Order be attached to and served with initial service of the Process of Maritime Attachment and Garnishment upon each garnishee

(5)     that pursuant to Rule B(1)(b)(ii) Edward W. Floyd, Luke F. Zadkovich, Filipp A. Vagin and any other attorney associated with the firm FLOYD ZADKOVICH (US) LLP, and Samuel P. Blatchley of ECKLAND & BLANDO LLP, counsel for the Plaintiff, are specially appointed to make service of the Process of Maritime Attachment or Garnishment, along with a copy of the Verified Complaint in Admiralty and any other ancillary documents in this action. The above persons may further appoint or engage any other person at least 18 years of age and not a party to this action to make service of process in this action without further order from the Court.

(6)     that initial service shall be made personally upon each garnishee, provided however that, pursuant to Federal Rule of Civil Procedure 5(b)(2)(E) and (F), any garnishee may consent in writing to accept such initial service by other means, including facsimile, email, or other verifiable electronic means. The consent of the garnishee may be manifested in the garnishee's rules, policies or other instructions regarding service. Service shall be deemed made within the District if a natural person within the District causes the service to be transmitted to a garnishee having an office within the District;

(7)     that following initial service, as described above, supplemental service of the Process of Maritime Attachment and Garnishment may be made by way of facsimile transmission or email to a fax number or email address designated by the garnishee for that purpose or by other means consented to by the garnishee pursuant to Federal Rule of Civil Procedure 5(b)(2)(E) and (F). The consent of the garnishee may be manifested in the garnishee's rules, policies or other instructions regarding service;

(8)     that service on any garnishee as described herein is deemed to be effective and continuous (i) throughout the remainder of the day of service from the time of such service, and (ii) through the end of the next business day, provided another service is made during the next business day.

    __Providence__, Rhode Island, this   __26th__   day of   __September__  , 2024.

_/s/ WESmith_
**UNITED STATES DISTRICT JUDGE**