UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

------------------------------------------------------------

ZEN-NOH GRAIN CORPORATION,

Plaintiff,

v.

Case No. 1:24-cv-00381-MRD-PAS

SADOT LATAM LLC,

Defendant.

------------------------------------------------------------

OSR ROTTERDAM BV,

Intervenor-Plaintiff,

v.

Case No. 1:25-cv-00153-MRD-PAS

SADOT LATAM LLC and
SADOT GROUP INC,

Defendants.

------------------------------------------------------------

## <u>VERIFIED INTERVENOR COMPLAINT</u>

Pursuant to Federal Rule of Civil Procedure 24 and Local Civil Rule E(8), intervenor-plaintiff OSR ROTTERDAM BV ("OSR"), by and through its undersigned attorneys, respectfully submits this *Verified Intervenor Complaint* against defendants SADOT LATAM LLC ("Sadot Latam") and SADOT GROUP INC ("Sadot Group" and, together with Sadot Latam, "Sadot"), and alleges upon information and belief as follows:

## <u>JURISDICTION AND VENUE</u>

1. This *Verified Intervenor Complaint* is filed pursuant to Federal Rule of Civil Procedure 24 and Local Civil Rule E(8) to intervene in the action captioned *Zen-Noh Grain Corporation v. Sadot Latam LLC*, Case No. 24 Civ. 381 (D. R.I. filed September 24, 2024) for the purpose of protecting OSR's interests in Sadot's funds and ensuring that OSR's interests in Sadot's funds are

not impaired or impeded by ZEN-NOH GRAIN CORPORATION ("Zen-Noh") when there are no other parties to that action adequately representing OSR's interests.

2. This Court has admiralty or maritime subject matter jurisdiction pursuant to 28 U.S.C. § 1333.

3. This *Verified Intervenor Complaint* concerns admiralty and maritime claims so designated within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391 and Rule B of the Supplemental Rules for Admiralty or Maritime Claims ("Supplemental Rule B") because Sadot's property is within this District.

## PARTIES

5. Plaintiff OSR is a foreign business entity organized and existing under the laws of the Netherlands with a principal place of business located at Fascinatio Boulevard 742, 2909 VA Capelle aan den Ijssel, the Netherlands.

6. Defendant Sadot Latam is a Delaware business entity with a registered agent located at 251 Little Falls Drive, Wilmington, Delaware 19808 and a principal place of business located at 1751 River Run, Suite 200, Fort Worth, Texas 76107.

7. Defendant Sadot Group is a Nevada business entity with a registered agent located at 112 North Curry Street, Carson City, Nevada 89703 and a principal place of business located at 1751 River Run, Suite 200, Fort Worth, Texas 76107.

## THE FACTS

### OSR v. SADOT – Breach of Maritime Charter Party Contract

8. On February 15, 2024, OSR, as owners, and Sadot Latam guaranteed by Sadot Group, as charterers, entered into a charter party on a North American Grain Charterparty form, with rider

clauses, for a vessel to be nominated by OSR to carry a 30,000 MT bulk grain cargo to be provided by Sadot from Brazil or Argentina to Colombia, Ecuador, or Venezuela.

9. The charter party's original "laycan" was May 1-30, 2024. "'Laycan' refers to the window of time during which a vessel must arrive at the [load] port to avoid cancellation by the charterer." *Ramaco Res., LLC v. Fed. Ins. Co.*, 589 F. Supp. 3d 567 (S.D.W. Va. 2022), aff'd in part, rev'd in part and remanded, 74 F.4th 255 (4th Cir. 2023) (quoting *Teras Chartering, LLC v. Hyupjin Shipping Co.*, Case No. C16-0188RSM, 2017 WL 3424960 (W.D. Wash. Aug. 9, 2017)).

10. The charter party provided that, 15 days prior to the laycan, OSR would nominate a vessel, and OSR did nominate vessels.

11. The charter party provided that, 25 days prior to the original laycan, Sadot would narrow the laycan to a 7-day window, but Sadot did not narrow the laycan.

12. The charter party provided that, 20 days prior to the narrowed laycan, Sadot would declare the load and discharge ports, but Sadot did not declare the load and discharge ports.

13. Instead, because it did not have a cargo to load, Sadot requested a series of deferments of the original laycan—from May 2024 to July 2024, to November 2024, to December 2024, and to January 2025.

14. On January 17, 2025, purportedly because "the world economy is passing for a terrible situation," Sadot agreed to pay OSR $250,000.00 "as a washout to cancel" the charter party.

15. On or about January 21, 2025, OSR issued two invoices to Sadot in connection with the charter party cancelation [25 Civ. 153 at Dkt. 1-1].

16. On February 5, 2025, shortly after the first charter party cancellation installment payment became overdue, Sadot represented, through brokers, that it was "checking with [its] accounting departing regarding the delayed payment."

17. Nonetheless, despite several demands, OSR still has not received any of Sadot's agreed-upon charter party cancellation payments.

18. The charter party provided for disputes to be arbitrated in New York with "US Law" to apply.

19. On March 3, 2025, OSR demanded arbitration in New York.

**OSR v. SADOT – RULE B ATTACHMENT**

20. On April 14, 2025, OSR filed a *Verified Complaint* [25 Civ. 153 at Dkt. 1] against Sadot pursuant to Supplemental Rule B in the action captioned *OSR Rotterdam BV v. Sadot Latam LLC*, Case No. 25 Civ. 153 (D. R.I.).

21. On April 14, 2025, OSR filed an *Ex Parte Motion for an Order (i) Directing the Clerk to Issue a Writ of Maritime Attachment and Garnishment, (ii) Appointing a Special Process Server, (iii) Deeming Service Continuous, (iv) Authorizing Supplemental Service by Email, and (v) Granting Leave to Serve Later-Identified Garnishees* [25 Civ. 153 at Dkt. 3].

22. On April 23, 2025, the Court granted the motion [25 Civ. 153 at Dkt. 7].

23. On May 22, 2025, OSR served garnishee CITIZENS BANK, N.A. ("Citizens Bank") [25 Civ. 153 at Dkt. 10].

24. Although Citizens Bank still has not responded to OSR's interrogatories, it disclosed that Sadot Latam maintained an account with a balance of $270,457.71, but that the funds were "currently frozen for Docket # 24 Civ 381 (D. RI Sept 24, 2024) / Zen-Noh Grain Corp v. Sadot Latam LLC)."

25. However, Zen-Noh has not asserted a valid maritime claim against Sadot's funds and therefore its attachment is invalid and should be vacated. OSR respectfully refers this Court to

the *Motion to Intervene and Vacate Zen-Noh's Attachment* filed contemporaneously with this *Verified Intervenor Complaint.*

**COUNT I**
**BREACHES OF MARITIME CONTRACT**

26. OSR repeats and realleges each and every allegation set forth in paragraphs 1-25 above.

27. Sadot breached its charter party duties to narrow the laycan and to declare load and discharge ports, as well as its paramount duty as a charterer to provide a cargo.

28. Additionally, Sadot breached its agreement to pay OSR $250,000.00 to cancel the charter party.

29. As a direct result of Sadot's breaches, OSR has incurred damages of at least $250,000.00 plus fees, costs, and interest.

**COUNT II**
**RULE B MARITIME ATTACHMENT**

30. OSR repeats and realleges each and every allegation set forth in paragraphs 1-29 above.

31. OSR satisfied all the requirements for Supplemental Rule B maritime attachment of Sadot's property.

32. First, OSR has valid maritime claims against Sadot—*i.e.*, breaches of a charter party.

33. Second, Supplemental Rule B authorizes a maritime claimant to attach a defendant's property within a district if the defendant cannot be found within the district and, here, Sadot cannot be found within this District [25 Civ. 153 at Dkt. 1-2].

34. Third, upon information and belief, Sadot has property located within this District during the pendency of this action—more particularly, a bank account located in Providence, Rhode Island.

35. Fourth, there is no statutory bar to recovery.

36. Sadot has not as of the date of this *Verified Intervenor Complaint* posted any security for OSR's underlying claims.

37. Accordingly, as authorized by Supplemental Rule B, OSR seeks both *quasi in rem* jurisdiction over Sadot and security for its charter party arbitration claim against Sadot by and through attachment of Sadot's property.

38. OSR expressly reserves all of its rights to seek additional security as its claims for damages, fees, costs, and interest—including but not limited to arbitration-related expenses—continue to accrue.

## **PRAYER**

WHEREFORE, plaintiff OSR prays that this Honorable Court:

A. Issue and order pursuant to Federal Rule of Civil Procedure 24 and Local Rule E(8) granting OSR's *Verified Intervenor Complaint*;

B. Issue an order pursuant to Supplemental Rule B directing the clerk to issue a writ of maritime attachment and garnishment of Defendant Sadot's assets within this District;

C. Fix any security thereafter at the maximum amount permitted by Supplemental Rule E(5), which permits up to twice the amount of a plaintiff's claim—*i.e.*, $500,000.00;

D. Retain jurisdiction over this attachment through the entry and satisfaction of any arbitration award or court judgment related to OSR's underlying claims against Sadot;

E. Enter judgment against Sadot in an amount of at least $250,000.00 plus fees, costs, and interest;

F. Vacate Zen-Noh's attachment, as requested in OSR's *Motion to Intervene and Vacate Zen-Noh's Attachment* filed contemporaneously with this *Verified Intervenor Complaint*; and

G. Grant such other and further relief as it deems just and proper.

Dated: November 19, 2025
      Providence, Rhode Island

Intervenor-Plaintiff OSR ROTTERDAM BV

By its Attorneys:

*/s/ Kirby L. Aarsheim*
Kirby L. Aarsheim (Bar No.: 8368)
Farrell Smith O'Connell
Aarsheim Aprans LLP
106 Francis Street, Suite B2
Providence, Rhode Island 02903
508-989-1821 (Tel)
kaarsheim@fsofirm.com

and

Robert E. O'Connor (*of counsel*)
Cassandra Hemmer (*of counsel*)
MONTGOMERY MCCRACKEN
WALKER & RHOADS LLP
437 Madison Avenue
New York, NY 10022
Tel.:      (212) 867-9500
Email:    roconnor@mmwr.com
          chemmer@mmwr.com

## CERTIFICATE OF SERVICE

     I certify that on November 19, 2025, I filed the above document via the Electronic Case Filing System, through which a copy will be electronically delivered to all attorneys who are listed as registered participants in connection with this case.

           *"/s/ Kirby L. Aarsheim"*
           Kirby L. Aarsheim