UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

-----------------------------------------------------------

ZEN-NOH GRAIN CORPORATION,

Plaintiff,

v.                                          Case No. 1:24-cv-00381-MRD-PAS

SADOT LATAM LLC,

Defendant.

-----------------------------------------------------------

OSR ROTTERDAM BV,

Plaintiff,

v.                                          Case No. 1:25-cv-00153-MRD-PAS

SADOT LATAM LLC and
SADOT GROUP INC,

Defendants.

-----------------------------------------------------------

**MOTION TO INTERVENE AND VACATE ZEN-NOH'S ATTACHMENT**

Pursuant to Rule 24 of the Federal Rules of Civil Procedure, Rule E(4)(f) of the Federal

Rules of Civil Procedure, and Local Civil Rule E(8), intervenor-plaintiff OSR ROTTERDAM

BV ("OSR"), by and through its undersigned attorneys, respectfully submits this *Motion to

Intervene and Vacate Zen-Noh's Attachment*, and respectfully shows as follows:

**INTRODUCTION**

**I.      OSR v. SADOT – Breach of Maritime Charter Party Contract**

On April 14, 2025, OSR filed a *Verified Complaint* [25 Civ. 153 at Dkt. 1] against

SADOT LATAM LLC ("Sadot Latam") and SADOT GROUP INC ("Sadot Group" and,

together with Sadot Latam, "Sadot") pursuant to Rule B of the Supplemental Rules for

Admiralty or Maritime Claims ("Supplemental Rule B").  OSR's *Verified Complaint* alleged that

Sadot breached a maritime contract for the hire of a vessel—known as a "charter party"—thereby causing OSR to incur damages of at least $250,000.

Also on April 14, 2025, OSR filed an *Ex Parte Motion for an Order (i) Directing the Clerk to Issue a Writ of Maritime Attachment and Garnishment, (ii) Appointing a Special Process Server, (iii) Deeming Service Continuous, (iv) Authorizing Supplemental Service by Email, and (v) Granting Leave to Serve Later-Identified Garnishees* [25 Civ. 153 at Dkt. 3].  The Court granted the motion on April 23, 2025 [25 Civ. 153 at Dkt. 7].

On May 22, 2025, OSR served garnishee CITIZENS BANK, N.A. ("Citizens Bank") [25 Civ. 153 at Dkt. 10].  Although Citizens Bank still has not responded to OSR's interrogatories, it disclosed that Sadot Latam maintained an account with a balance of $270,457.71, but that the funds were "currently frozen for Docket # 24 Civ 381 (D. RI Sept 24, 2024) / Zen-Noh Grain Corp v. Sadot Latam LLC)."

## II.    ZEN-NOH v. SADOT – Breach of Non-Maritime Commodity Contract

On September 24, 2024, ZEN-NOH GRAIN CORPORATION ("Zen-Noh") filed a *Verified Complaint in Admiralty* against Sadot Latam (but not Sadot Group) pursuant to Supplemental Rule B [24 Civ. 381 at Dkt. 1].  Zen-Noh alleged that Sadot Latam or Sadot Group breached a commodity contract for the sale and purchase of soybeans.

Also on September 24, 2025, Zen-Noh filed a *Motion and Incorporated Memorandum for Issuance of Process of Maritime Attachment and Garnishment* [24 Civ. 381 at Dkt. 4].  The Court granted the motion on September 26, 2024 [24 Civ. 381 at Dkt. 10].

On July 4, 2024, Zen-Noh filed an *Application for Entry of Default by Clerk Against Defendant Sadot Latam LLC* [24 Civ. 381 at Dkt. 16].  The clerk issued an *Entry of Default* on

July 7, 2025[24 Civ. 381 at Dkt. 17].  However, the Court has not yet entered default judgment and Sadot's funds are still with Citizens Bank.

## ARGUMENT

### I.    OSR HAS STANDING TO INTERVENE & MOVE TO VACATE

Pursuant to Rule 24 of the Federal Rules of Civil Procedure, OSR has standing to intervene in Zen-Noh's action against Sadot Latam.  Rule 24(a)(2) provides:

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
> …
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

OSR and Zen-Noh both commenced actions against Sadot, and OSR and Zen-Noh have both attached funds belonging to Sadot.  Given that the amount of Sadot's funds at garnishee Citizens Bank is insufficient to satisfy both claims and that Sadot has not appeared in either action, OSR respectfully submits this *Motion to Intervene* for the purpose of protecting its interests in the funds and ensuring that its interests are not impaired or impeded by Zen-Noh.[1]

Additionally, Rule E(4)(f) of the Federal Rules of Civil Procedure entitles "any person claiming an interest" in property that has been attached pursuant to Supplemental Rule B the opportunity for a "prompt hearing at which plaintiff shall be required to show why the arrest or attachment should not be vacated or other relief granted consistent with these rules."

---

[1] Alternatively, this Court should grant Sadot's motion to intervene pursuant to Rule 24(b) because OSR and Zen Noh's claims share common questions of fact and law—*i.e.*, whether the maritime attachment is proper and Sadot's funds at Citizen Bank.

Given that OSR has an interest in Sadot's funds held at Citizens Bank, Sadot has standing to move to vacate Zen;Noh's attachment.

## II.     OSR'S RULE B ATTACHMENT IS VALID BECAUSE IT CONCERNS A PRIMA FACIE MARITIME CLAIM

Supplemental Rule B authorizes the attachment or garnishment of a defendant's property "if the plaintiff shows that 1) it has a valid *prima facie* admiralty claim against the defendant; 2) the defendant cannot be found within the district; 3) the defendant's property may be found within the district; and 4) there is no statutory or maritime law bar to the attachment." *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 445 (2d Cir. 2006) (emphasis added), abrogated by *Shipping Corp. of India v. Jaldhi Overseas Pte Ltd.*, 585 F.3d 58 (2d Cir. 2009); *see also Navieros Inter-Americanos, S.A. v. M/V Vasilia Exp.*, 120 F.3d 304, 314–15 (1st Cir. 1997). As alleged in OSR's *Verified Complaint* [25 Civ. 153 at Dkt. 1] and *Verified Intervenor Complaint* filed contemporaneously herewith, Sadot cannot not be found within the district, Sadot's property can be found within the district, and there is no bar to the attachment.

In addition, OSR alleged a valid *prima facie* admiralty claim against Sadot—*i.e.*, the breach of a maritime contract for the hire of a vessel. Specifically, OSR alleged that Sadot breached the "charter party" by (i) failing to narrow the laycan, (ii) failing to declare load and discharge ports, and (iii) failing to fulfill its paramount duty as charterer to provide a cargo. "It is well-established that a charter party agreement is a maritime contract." *Fednav, Ltd. v. Isoramar, S.A.*, 925 F.2d 599, 601 (2d Cir.1991); *see also Beluga Chartering GMBH v. Korea Logistics Sys. Inc.*, 589 F. Supp. 2d 325, 328 (S.D.N.Y. 2008) ("A charter party … falls squarely within the definition of a maritime contract."). Therefore, OSR's attachment of Sadot's funds pursuant to Supplemental Rule B is valid because OSR's underlying claim is a valid prima facie admiralty claim against Sadot.

4

**III.     ZEN-NOH'S RULE B ATTACHMENT IS NOT VALID AND SHOULD BE VACATED BECAUSE IT CONCERNS A NON-MARITIME CLAIM FOR BREACH OF A COMMODITY CONTRACT**

In contrast, Zen-Noh cannot attach Sadot's funds pursuant to Supplemental Rule B because it did not assert a valid maritime claim.  U.S. Courts have consistently held that even when a contract for the sale and purchase of a commodity incidentally involves the shipment of the goods by vessel, a breach of the commodity contract still does not constitute a maritime claim.  *EFKO Food Ingredients Ltd. v. Pac. Inter-Link SDN BHD*, 582 F. Supp. 2d 466, 470 (S.D.N.Y. 2008); *see also French Republic v. Fahey*, 278 F. 947, 949 (D.Md.1922) (a non-maritime contract for the sale and purchase of rye grain does not become maritime merely because it also involved shipment by vessel, and dismissing the proceeding); *Indagro S.A. v. Bauche S.A.*, 652 F. Supp. 2d 482 (S.D.N.Y. 2009) (a contract for sale and purchase of fertilizer was not maritime in nature merely because the seller agreed to ship the goods by sea, and vacating the attachment); *Glencore Ag v. Bharat Aluminum Co.*, No. 08 CIV. 9765 (NRB), 2008 WL 5274569 (S.D.N.Y. Dec. 15, 2008) (an alumina contract does not provide a basis for maritime jurisdiction, vacating the attachment, and strongly cautioning against expanding the scope of admiralty jurisdiction); *Aston Agro–Industrial AG v. Star Grain Ltd.*, Case No. 06 Civ. 2805, 2006 WL 3755156 (S.D.N.Y. Dec. 20, 2006) (the sale and purchase of Russian wheat to be delivered by vessel and subject to GAFTA arbitration is not maritime, and vacating the attachment).

In *EFKO Food Ingredients*, the plaintiff agreed to purchase red palm olein and the defendant agreed to ship the commodity to the destination—which incidentally required the defendant to charter vessels from other third parties.  *EFKO Food Ingredients Ltd. v. Pac. Inter-Link SDN BHD*, 582 F. Supp. 2d 466, 470 (S.D.N.Y. 2008).  The plaintiff alleged that the

defendant breached their agreement. *Id*. The plaintiff then attached the defendant's property, and the defendant moved to vacate the attachment. *Id*. The court recited the requirements for a Supplemental Rule B maritime attachment, including that a plaintiff must show that it has a valid *prima facie* admiralty claim against the defendant. *Id*. The court cautioned that "[a]dmiralty jurisdiction does not attach to a contract merely because the services to be performed under the contract have reference to a ship, or to its business, or that the ship is the object of such services." *Id*. The court then found that "[n]either palm olein nor the sale thereof is directly or intimately related to the operation of a vessel or its navigation. *Id*. The court further declared that "[i]t has been widely held that a commodity sale and purchase contract—even if the contract requires maritime transport relating to the shipment of the commodity—is not maritime in nature." *Id*. Accordingly, the court vacated the attachment.

Here, Zen-Noh's claims arise from and relate to the breach of a non-maritime commodity sale contract. Zen-Noh alleges that it entered into a "Sale Contract" in which Zen-Noh agreed to sell and Sadot agreed to purchase soybean meal for an agreed upon price [24 Civ. 00381, Dkt. No. 1 at ¶ 5]. The sale contract contained provisions for the price, payment, delivery, and loading of the cargo, but the cargo's transportation was arranged via a subsequent charter party with third parties [24 Civ. 00381, Dkt. No. 1 at ¶¶ 8 and 14]. Being that Zen-Noh's claims rest upon its non-maritime commodity sale contract, and not the charter party governing the transportation of the goods, Zen-Noh has failed to allege a valid *prima facie* admiralty claim, and Zen-Noh's attachment should be vacated.

## CONCLUSION

WHEREFORE, intervenor OSR Rotterdam BV respectfully requests that:

A.   OSR's *Motion to Intervene* be granted; and

B.    OSR's *Motion to Vacate* Zen-Noh's attachment be granted.

Dated: November 19, 2025
   Providence, Rhode Island

Plaintiff, OSR ROTTERDAM BV
By its Attorneys:

*/s/ Kirby L. Aarsheim*
Kirby L. Aarsheim (Bar No.: 8368)
Farrell Smith O'Connell
Aarsheim Aprans LLP
106 Francis Street, Suite B2
Providence, Rhode Island 02903
508-989-1821 (Tel)
kaarsheim@fsofirm.com

and

Robert E. O'Connor (*pro hac vice*)
Cassandra Hemmer (*of counsel*)
MONTGOMERY MCCRACKEN
WALKER & RHOADS LLP
437 Madison Avenue
New York, NY 10022
Tel.:        (212) 867-9500
Email:    roconnor@mmwr.com
            chemmer@mmwr.com

## CERTIFICATE OF SERVICE

I certify that on November 19, 2025, I filed the above document via the Electronic Case Filing System, through which a copy will be electronically delivered to all attorneys who are listed as registered participants in connection with this case.

*"/s/ Kirby L. Aarsheim"*
Kirby L. Aarsheim

7