UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| ZEN-NOH GRAIN CORPORATION,<br>    Plaintiff,<br><br>    v.<br><br>SADOT LATAM LLC,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 24-cv-381-MRD-PAS |

## ORDER

Before the Court is OSR Rotterdam BV's ("OSR") motion to intervene and vacate Plaintiff Zen-Noh Grain Corporation's ("Zen-Noh") Rule B attachment. ECF No. 20. Through separate lawsuits[1] against Defendant Sadot Latam LLC ("Sadot"),

---

[1] In the instant action, Zen-Noh brings claims against Sadot for maritime conversion, maritime fraud, and maritime tortious interference with contract. *See generally* ECF No. 1 at 10–14. The facts giving rise to this case involve a contract for the sale of soybean meal. Zen-Noh summarizes the basis of its case as follows:

> Zen-Noh fully performed its obligations as purchaser and then seller of the cargo and remained the sole holder of the original ocean bills of lading in respect of the cargo. By contrast, the Defendant Sadot wrongfully and falsely held itself out as the owner of the cargo and lawful holder of the bills of lading, and issued orders to the vessel's owners and charterers to withhold delivery. Following these acts, the vessel was diverted away from its intended discharge port in Lebanon and into Syrian waters, placing Zen-Noh's property beyond reach.

ECF No. 23 at 2.

In its own case against Sadot, *OSR Rotterdam BV v. Sadot Latam LLC*, 1:25-cv-153 ("OSR Litigation"), OSR claims Sadot had breached their maritime contract for allegedly failing to execute on its duties related to a charter involving shipment of bulk grain. *See* OSR Litigation, ECF No. 1 at 2–4.

OSR and Zen-Noh have attached funds in a Citizens Bank account located in this jurisdiction through Supplemental Rule B.[2]  *Id.* at 2; ECF No. 1-11.  OSR seeks to intervene in Zen-Noh's action because, in its own case against Sadot Latam LLC (*OSR Rotterdam BV v. Sadot Latam LLC et al*, 1:25-cv-00153 ("OSR Litigation")), garnishee Citizens Bank has represented that Sadot maintains an account with a balance of $270,457.71, but that the funds are "currently frozen for Docket # 24 Civ 381 (D. RI Sept 24, 2024) / Zen-Noh Grain Corp v. Sadot Latam LLC)."  ECF No. 20 at 2.  Accordingly, OSR seeks intervention as a vehicle to protect its interest in those funds[3] and also asks that this Court vacate Zen-Noh's Rule B attachment.  *Id.* at 1-2. The Court will first address OSR's motion for intervention, and then the question of Zen-Noh's attachment.

I.    INTERVENTION

Intervention is governed by Federal Rule of Civil Procedure Rule 24.  OSR asserts that it is entitled to intervene in this action under both Rule 24(a), which contemplates intervention as a matter of right, and Rule 24(b), which sets forth requirements for permissive intervention.  *See generally* ECF No. 20.  Rule 24(a) provides that to establish intervention as a matter of right, the party seeking

---

[2] Supplemental Rule B(1)(a) of the Federal Rules of Civil Procedure provides that: "[i]f a defendant is not found within the district when a verified complaint praying for attachment and the affidavit required by Rule B(1)(b) are filed, a verified complaint may contain a prayer for process to attach the defendant's tangible or intangible personal property--up to the amount sued for--in the hands of garnishees named in the process."

[3] In the OSR Litigation, OSR has filed a motion for default judgment and requested that this Court order Citizens Bank to release the frozen funds to OSR.

intervention must demonstrate either a statutory right to intervene or that they have an "interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  Here, the parties do not dispute that OSR's right to intervene is not enshrined in any statute.  OSR is therefore tasked with persuading the Court that it has a significantly protectable interest in Zen-Noh's litigation.

To prevail on a motion to intervene under these circumstances, OSR must satisfy the following factors: "(1) the timeliness of [its] motion; (2) a concrete interest in the pending action; (3) 'a realistic threat' that resolution of the pending action will hinder [its] ability to effectuate that interest; and (4) the absence of adequate representation by any existing party." *T-Mobile Ne. LLC v. Town of Barnstable*, 969 F.3d 33, 39 (1st Cir. 2020).  "The application of this framework to the divers factual circumstances of individual cases requires a holistic, rather than reductionist, approach." *Pub. Serv. Co. of N.H v. Patch*, 136 F.3d 197, 204 (1st Cir. 1998) (citing *Int'l Paper Co. v. Town of Jay,* 887 F.2d 338, 344 (1st Cir. 1989)).

OSR argues it has standing to intervene under Rule 24(a) because "both [OSR and Zen-Noh] commenced actions against Sadot, and OSR and Zen-Noh have both attached funds belonging to Sadot."  ECF No. 20 at 3.  Because "the amount of Sadot's funds at garnishee Citizens Bank is insufficient to satisfy both claims and … Sadot has not appeared in either action," OSR asserts that it must intervene in the Zen-Noh Litigation to protect its interests.  *Id.*  Zen-Noh disagrees, arguing that

3

intervention as a matter of right is not triggered here because OSR "fails to show that it has a 'significantly protectable interest' relating to the property or transaction that is subject of the action." ECF No. 23 at 3. As Zen-Noh sees it, OSR's interest in the attached funds is not a proper basis for intervention as a matter of right. *Id.*

The Court must determine whether a Rule B attachment constitutes a concrete interest in the pending action such that OSR shall be permitted to intervene under Rule 24(a). *R & G Mortg. Corp. v. Fed. Home Loan Mortg. Corp.*, 584 F.3d 1, 7 (1st Cir. 2009). While this Court lacks the benefit of guiding precedent on this issue, the application of comparable principles adopted in other jurisdictions supports denying OSR's motion to intervene. Rule B attachment "enables a party to assert an in personam claim to obtain quasi in rem jurisdiction over a defendant's property '[w]hen the defendant cannot be found within the district.'" Keith B. Letourneau, *A Practical Guide to Admiralty Supplemental Rules A Through E (with Special Emphasis on the Southern District of Texas)*, 22 Tul. Mar. L.J. 417, 421–22 (1998) (citing *Sembawang Shipyard, Ltd. v. Charger, Inc.*, 955 F.2d 983, 987, 1993 AMC 1341, 1345 (5th Cir. 1992) (quoting Supplemental Rule B)); *see also STX Panocean (UK) Co., Ltd. v. Glory Wealth Shipping Pte Ltd.*, 560 F.3d 127, 130 (2d Cir. 2009) ("Maritime attachments arose because it is *often more difficult to obtain jurisdiction over parties to a maritime dispute than parties to a traditional civil action.*") (emphasis added). In doing so, Rule B attachment "establishes jurisdiction over a portion of a defendant's property and thereby creates a fund from which a judgment may be satisfied." *STX Panocean (UK) Co., Ltd.*, 560 F.3d at 130. What Rule B

attachment does not do is establish a concrete property interest, as a litigant's right to the attached property is not realized until judgment has been entered.[4] *See id.* Thus, Rule B attachment is better understood as a *potential* concrete interest. *Id.*

An interest contingent upon the outcome of litigation is insufficient to meet the demands of Rule 24(a). *Neponset Landing Corp. v. Nw. Mut. Life Ins. Co.*, Civil Action No. 10-11963-JGD, 2011 WL 2417128, at *4 (D. Mass. June 10, 2011). "A plaintiff's interest in ensuring that defendants in a previously filed state lawsuit have sufficient resources to satisfy a judgment that might be obtained against them 'is too remote and indirect to qualify as a cognizable interest under Rule 24(a)(2).'" *Id.* (quoting *Med. Liab. Mut. Ins. Co. v. Alan Curtis LLC*, 485 F.3d 1006, 1009 (8th Cir. 2007)). As articulated by Zen-Noh, "the possibility that [Sadot's] assets may be insufficient is not an 'impairment' under F.R.C.P. Rule 24(a)(2): the insufficiency of assets is a practical risk faced by all creditors, and it does not transform one creditor's desire for priority payment into a legally protectable interest in another creditor's case." ECF No. 23 at 4. While acknowledging the frustrating position OSR must

---

[4] In support of its position that the Rule B attachment to Sadot's Citizens Bank account funds creates a property interest, OSR relies on a 1995 Southern District of New York case. *See* ECF No. 24 at 12 (citing *Aurora Mar. Co. v. Abdullah Mohamed Fahem & Co.*, 890 F. Supp. 322, 329 (S.D.N.Y. 1995)), *aff'd Aurora Mar. Co. v. Abdullah Mohamed Fahem & Co.*, 85 F.3d 44 (2d Cir. 1996). In *Aurora*, the district court concluded that, "[b]ecause plaintiffs obtained Rule B attachments …, plaintiffs *gained a limited property interest* under federal law." 890 F. Supp. at 329 (emphasis added). This conclusion is not binding on this Court, and this Court is not persuaded that such a *limited property interest* would rise to the level of a "direct" and "significantly protectable interest" that would necessitate OSR's intervention under Rule 24(a)(2) here.

assume as second in line to the challenged, attached funds, the Court agrees with Zen-Noh's logic.

Turning next to whether OSR is entitled to permissive intervention under Rule 24(b), the Court first notes that it "enjoys a very broad discretion in granting or denying [a] motion" to intervene on this basis. *Daggett v. Comm'n on Governmental Ethics & Election Practices*, 172 F.3d 104, 113 (1st Cir. 1999). The First Circuit has provided that "[i]f the requirements of Rule 24(a)(2) are not met, '[o]n timely motion, the court may permit anyone to intervene who … has a claim or defense that shares with the main action a common question of law or fact.'" *Victim Rts. L. Ctr. v. Rosenfelt*, 988 F.3d 556, 561 (1st Cir. 2021) (quoting Fed. R. Civ. P. 24(b)(1)(B)). The common questions of law OSR cites in asserting it is entitled to permissive intervention are: (1) "whether the maritime attachment is proper"; and (2) what will happen with Sadot's funds at Citizens Bank. ECF No. 20 at 3 n.1. While the Court recognizes how these questions are relevant to OSR's end goal of obtaining the attached funds located at Citizens Bank, these questions are not questions of law common to the resolution of each party's separate litigation against Sadot. OSR and Zen-Noh's cases involve different contracts, claims, and issues. The only similarity between the two lawsuits is each seeks to obtain the same attached funds as relief. And, while OSR's ability to collect the attached funds may be frustrated by Zen-Noh's attachment and ensuing action, there is simply no precedent from which this Court can deduce that OSR's intervention in Zen-Noh's litigation would be proper merely by virtue of the parties' competing Rule B attachments. In fact, OSR's intervention

6

would likely delay resolution not only of Zen-Noh's case, but OSR's independent litigation as well. *See* Fed. R. Civ. P. 24(b)(3) (establishing that this Court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original party's rights."). It is worth stating here that, in the OSR Litigation, OSR has filed a motion for default judgment, which remains under this Court's consideration. Accordingly, the Court concludes OSR is not entitled to permissive intervention.

## II.    VACATUR OF ZEN-NOH'S ATTACHMENT

OSR next challenges Zen-Noh's Rule B attachment. *See generally* ECF No. 20. In OSR's view, Zen-Noh's Rule B attachment is improper because its claims arise from and relate to the breach of a non-maritime commodity sale contract for soybeans, not the charter governing the transportation of goods. *Id.* at 5–6. Zen-Noh responds that it has asserted valid maritime claims and meets all the requirements to survive a motion to vacate. ECF No. 23 at 11–12. For the following reasons, the Court will not vacate Zen-Noh's attachment.

Under Supplemental Rule E(4)(f): "[w]henever property is arrested or attached, *any person claiming an interest* in it shall be entitled to a prompt hearing at which the plaintiff shall be required to show why the arrest or attachment should not be vacated or other relief granted consistent with these rules." (Emphasis added). The Court held a hearing on May 7, 2026 to consider OSR's motion and Zen-Noh's Rule B attachment. To withstand the challenge to its attachment, Zen-Noh needed only to demonstrate that it complied with the limited requirements set forth in

Supplemental Rule B. *See Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 447 (2d Cir. 2006), *abrogated on other grounds by Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd.*, 585 F.3d 58 (2d Cir. 2009). Zen-Noh was tasked with showing: (1) it has a valid prima facie admiralty claim against the Sadot; (2) Sadot cannot be found within the district; (3) Sadot's property may be found within the district; and (4) there is no statutory or maritime law bar to the attachment. *See id.* at 445. Zen-Noh met all four of these criteria.

OSR does not challenge that Sadot cannot be found within the district, that Sadot's property is located in a Citizens Bank account within the District of Rhode Island, or that there is no statutory or maritime law bar to Zen-Noh's Rule B attachment. *See generally* ECF Nos. 20, 24. Thus, the Court need only determine whether Zen-Noh has alleged a valid maritime claim against Sadot. *See Aqua Stoli*, 460 F.3d at 445. Looking at Zen-Noh's complaint, ECF No. 1, the Court concludes that Zen-Noh has sufficiently alleged maritime claims against Sadot for maritime conversion, maritime tortious interference with contract, and maritime fraud. *See, e.g., Evergreen Marine Corp. v. Six Consignments of Frozen Scallops*, 4 F.3d 90 (1st Cir. 1993) (reviewing a conversion claim in the admiralty context pursuant the court's admiralty jurisdiction); *York Marine, Inc. v. M/V Intrepid*, No. 2:15-CV-00184-JDL, 2016 WL 5372762, at *7 (D. Me. Sept. 26, 2016) (stating "fraudulently inducing [plaintiff] to enter a contract with [defendant] to repair his motor yacht … is 'so interwoven with present and potential maritime contractual relationships' that it falls within admiralty jurisdiction"); *Chi Shun Hua Steel Co. v. Crest Tankers, Inc.*,

8

708 F. Supp. 18, 22 (D.N.H. 1989) ("Even without a maritime contract, this court has admiralty jurisdiction if the plaintiff's claim for fraud arising out of the flight of the [defendant] constitutes a maritime tort."). The Court need not opine more thoroughly on the sufficiency of Zen-Noh's claims, as it is satisfied Zen-Noh has stated maritime claims. Therefore, finding that Zen-Noh's maritime claims are properly before this Court and within its admiralty jurisdiction, the Court declines OSR's invitation to vacate Zen-Noh's Rule B attachment.

### III.    CONCLUSION

OSR's motion to intervene and vacate Zen-Noh's attachment, ECF No. 20, is **DENIED**. OSR's Intervenor Complaint, ECF No. 19, is **STRICKEN** from the docket.


IT IS SO ORDERED.

Melissa R. DuBose
United States District Judge


05/19/2026